**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DEAN R. THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 2:05-cv-260-RLY-WGH |
| ) | |
| MARK A. BEZY, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Dean R. Thomas has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.   Thomas is confined within this District serving the executed portion of a sentence imposed by the United States District Court for the Northern District of Indiana, following his convictions for mail fraud and aiding and abetting. As the respondent notes, Thomas was the leader in a scheme to defraud that resulted in some five thousand victims losing in excess of one million dollars.

2.   Thomas claims in this action that his custody is rendered unlawful because the Federal Bureau of Prisons ("BOP") has declared a moratorium on inmates participating in an authorized furlough program. He contends that this results in the arbitrary denial of consideration of him for participation in the furlough program.

3.   The effect of what Thomas has alleged need not be assessed in this case, because he has mis-described the situation. Although the previous Warden at the Terre Haute Penitentiary (where Thomas is confined) issued a blanket prohibition against furloughs due to that program's contribution to contraband entering the prison, there has been no blanket prohibition against furloughs since August 8, 2004, when the current Warden assumed his position.

4. The expanded record shows that Thomas applied for a social furlough. His request was denied, though it was considered in light of Thomas' circumstances, rather than being summarily denied. The reason Thomas' request was denied was that, pursuant to the furlough policy, "[t]he warden ordinarily may not grant a furlough to an inmate convicted of a serious crime against the person and/or whose presence in the community could attract undue public attention, create unusual concern, or depreciate the seriousness of the offense." Thus, Thomas did not qualify for the furlough he had requested. Even if the Warden had the discretion to conclude otherwise, moreover, the denial of Thomas' request would not support a claim for federal habeas relief.

> Although the regulations state the conditions that must be satisfied before a furlough is granted, the regulations do not require the granting of a furlough upon the satisfaction of these conditions. 18 U.S.C. § 4082. 28 C.F.R. §§ 570.32, 570.34.-.35. As one court noted, "it is apparent that the regulations were not intended to create any entitlement to a furlough under any circumstances."

*Karacsonyi v. Radloff,* 885 F.Supp. 368, 370 (N.D.N.Y. 1995) (quoting *Gilliam v. Quinlan,* 608 F.Supp. 823, 834 (S.D.N.Y. 1985)). Whether there is statistical support for Thomas' claim that no furloughs have been granted from the Terre Haute institution since September 2004 is not significant for either due process or any other constitutional imperative.

5. Accordingly, there is neither a factual nor a legal basis on which to conclude that Thomas has been unlawfully denied a furlough from the BOP or that he is otherwise in custody in violation of the Constitution or laws of the United States based on the allegations of his habeas petition. He is thus not entitled to the writ of habeas corpus he seeks. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date:    01/13/2006